Dear Senator Dupre:
You advise this office that Mr. Joe Thompson is employed by the Houma Police Department as manager of a grant program called Weed and Seed. You also advise that Mr. Doug Levron is currently an employee of the Terrebonne Parish Communication District 911. You ask if either may also serve as a member of the Municipal Fire and Police Civil Service Board for the City of Houma.
At issue here is the applicability of R.S. 33:2476(A) and (B)(2)(C)(i) and (ii), which states:
 2476. Municipal fire and police civil service boards
 A. A municipal fire and police civil service board is created in the municipal government. The board shall be composed of five members who shall serve without compensation. The board shall have a chairman, vice-chairman, and a secretary. The domicile of the board shall be in the municipality it serves.
 B. (1)(a) To be eligible for appointment or to serve as a member of a board, a person shall be a citizen of the United States of America, a resident of the municipality in which he is to serve for at least five years next preceding his appointment, and, at the time of his appointment, shall be a qualified voter of the municipality. *Page 2 
 ***** (c)(i) No member of a board shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment, except that of notary public, a military or naval official office, or that of a municipal fire or police department which is expressly required by the provisions of this Part.
 (ii) However, a member of the Municipal Fire and Police Civil Service Board of the city of Houma may hold a position of public employment if said position of public employment is not with the city of Houma.
The statute prohibits a member of the board from holding "any other public office or position of public employment." An exception is created for the Houma Municipal Fire and Police Civil Service Board where a board member may hold a position of "public employment" if that position of public employment "is not with the City of Houma."
You state that subsequent to the enactment of R.S. 33:2476
(B)(2)(C)(ii), the City of Houma was consolidated into the Terrebonne Parish Consolidated Government. Because of the consolidation, questions have arisen regarding the viability of the exception to both Mr. Thompson's and Mr. Devron's appointments to the board.
The argument is made that the entire exception of R.S.33:2476(B)(2)(C)(ii) is no longer viable because the City of Houma has been consolidated into the parish. We find this argument is in contradiction to the provisions of the Terrebonne home rule charter, stating:
Sec. 1-04. Consolidation of Governments.
 (a) The governmental functions of the City of Houma are hereby consolidated with the governmental functions of Terrebonne Parish. The name of the new government shall be the Terrebonne Parish Consolidated Government, hereinafter sometimes referred to as the "parish government."
 (b) The City of Houma shall continue to exist as a legal entity and shall render certain municipal services as provided under this charter and participate in federal and state grants, shared revenues and shared taxes peculiar to municipal governments.
Mr. Thompson holds a position of employment with the Houma police department, a municipal entity. Thus, the language of R.S.33:2476(B)(2)(C)(ii) clearly prohibits Mr. Thompson from serving on the Houma Municipal Fire and Police Civil Service Board. *Page 3 
We note that R.S. 33:2476(C)(3) which requires that a member of the police department be appointed to serve on the board is inapplicable to Mr. Thompson, as that position has already been filled.[1]
Mr. Devron holds a position of "public employment" with the communications district. Under the provisions of R.S. 33:9101, the governing authority of any parish may by ordinance create communication districts within the parish. R.S. 33:9101 also provides that any district created in accordance with the provisions of the section shall be a political and legal subdivision of the state.
R.S. 33:9101 provides, in pertinent part:
 (1) The governing authority of any parish may by ordinance create communications districts composed of any part or all of the territory lying wholly within the parish.
 ***** (3) Any district created in accordance with the provisions of this Section shall be a political and legal subdivision of the state, with power to sue and be sued in its corporate name and to incur debt and issue bonds.
R.S. 33:9103 further provides:
 A. (1)(a) When any district is created wholly within a single parish, the parish governing authority creating it may appoint a board of commissioners composed of seven members to govern its affairs and shall fix the domicile of the board at any point within the parish. The members of the board shall be qualified electors of the district, two of whom shall be appointed for terms of two years, three for terms of three years, and two for terms of four years, dating from the date of the adoption of the ordinance creating the district. Thereafter, all appointments of the members shall be for terms of four years.
 ******* B. The commission shall have complete and sole authority to appoint a chairman and any other officers it may deem necessary from among the membership of the commission. *Page 4 
 ******* D. The commission shall have authority to employ such employees, experts, and consultants as it may deem necessary to assist the commission in the discharge of its responsibilities to the extent that funds are made available.
Thus, Mr. Devron holds a position of "public employment" with a political subdivision of the state and not the parish, despite the fact that funding is received by the communications district from the parish. The parish is but one source of funding for the communications district, as R.S. 33:9106 provides, in part:
 C. In order to provide additional funding for the district, the governing authority may receive federal, state, parish, or municipal funds, as well as funds from private sources, and may expend such funds for the purposes of this chapter.
The argument is made that because the governing authority of the City of Houma is essentially now the parish, that the exception of R.S. 33:2476
(B)(2)(C)(ii) should be read to prohibit any one who holds a position ofemployment with the parish to be denied board membership. However, as noted above, we reject this argument on the basis that Mr. Devron holds a position of "public employment" with the communications district and not the parish.
Further, we find no basis to reinterpret the language of R.S.33:2476(B)(2)(C)(ii) to now prohibit all who hold positions of employment with the consolidated government from service on the Houma municipal fire and police service board. Indeed, prior to the consolidation of governments, a person might hold employment with the parish and serve on the board. Further, there are other positions of "public employment" which a board member may hold which are not affiliated with Terrebonne Parish.
We suggest that legislative amendment to the statute is necessary. In the interim, our construction of the current law reflects that Mr. Thompson may not serve on the board because of his employment with the Houma police department. However, Mr. Levron comes within the ambit of the exception provided in R.S. 33:2476 (B)(2)(C)(ii) and is not prohibited from serving on the board based upon his current employment with the communications district. *Page 5 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
BY:
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
[1] R.S. 33:2476(C)(3) states, in pertinent part:
 Two members shall be appointed who shall be first nominated and elected by and from the regular employees of the fire and police departments as follows:
 One member shall be elected and appointed from the fire department, and one member shall be elected and appointed from the police department.